### In re ESSENTIAL THERAPEUTICS, INC., et al., Debtors.

### No. 03–11317 (MFW).

United States Bankruptcy Court,
D. Delaware.

April 21, 2004.

Christopher S. Sontchi, Gregory Alan Taylor, Liza Haley Sherman, William Pierce Bowden, Ashby & Geddes, Wilmington, DE, for Essential Therapuetics, Inc.

Julie L. Compton, Office of U.S. Trustee, Wilmington, DE, U.S. Trustee.

Kathleen M. Miller, Smith, Katzenstein & Furlow, LLP, Wilmington, DE, for Official Committee of Security Holders.

### MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion of certain Preferred Stockholders [2] and their professionals (Latham & Watkins LLP and Young Conway Stargatt & Taylor, LLP) for compensation and reimbursement of administrative expenses pursuant to section 503(b)(4) of the Bankruptcy Code. The United States Trustee opposes the Motion. For the reasons set forth below, we grant the Motion in part and deny it in part.

### I. FACTUAL BACKGROUND

Essential Therapeutics, Inc., and its affiliates ("the Debtors") are in the business of developing and commercializing com-

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

2. The Preferred Stockholders include New Enterprise Associates, Prospect Venture Partners, and Schroder Ventures. Collectively, the Preferred Stockholders represent approximately 90% of the Series B preferred stockholders.

pounds and products to combat certain diseases. In October 2001, the Debtors acquired Althexis, a privately-held biotechnology company. Concurrent with the acquisition, the Debtors issued and sold 60,000 shares of Series B convertible redeemable preferred stock. The Series B preferred stockholders had the right to force the Debtors to redeem their shares upon the occurrence of certain events, including the delisting of the Debtors' common stock.

On April 4, 2003, NASDAQ delisted the Debtors' common stock. Thereafter, the Series B preferred stockholders exercised their right to require the Debtors to redeem their Series B stock. The Debtors had insufficient funds to repurchase the shares, and on May 1, 2003, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

On May 19, 2003, the Debtors filed their Joint Plan of Reorganization ("the Plan"). On Motion of Narragansett Asset Management, LLC ("Narragansett") the Court ordered the United States Trustee ("the UST") to appoint an Official Committee of Equity Security Holders ("the Equity Committee"). Following its appointment, the Equity Committee objected to the Plan. The Debtors and the Preferred Stockholders filed separate responses to the Equity Committee's Objection. After a hearing, the Court confirmed the Plan on October 10, 2003.

Pursuant to the Plan, all secured and unsecured creditors of the Debtors were paid in full. The equity interests of the common shareholders were eliminated, and the Series B preferred stockholders received new preferred stock in the Reorganized Debtor.

On December 12, 2003, the Preferred Stockholders filed the Motion seeking reimbursement of their professionals as an administrative expense pursuant to section 503(b)(4) of the Bankruptcy Code. The UST objected to the Motion on January 1, 2004. At the hearing on the Motion the Court directed the Preferred Stockholders to amend their earlier Motion and describe with greater specificity the tasks performed by their professionals in this case. The Preferred Stockholders supplemented their Motion with detailed descriptions on January 26, 2004.

## II. *JURISDICTION*

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 & 157(b)(2)(A), (B), & (O).

## III. *DISCUSSION*

The Preferred Stockholders seek the allowance of an administrative claim in the amount of $842,819.50 for fees and $46,680.45 for expenses for the services rendered by their professionals, pursuant to section 503(b)(4) of the Bankruptcy Code. The UST objects to the Motion contending that the Preferred Stockholders have failed to satisfy the Third Circuit's requirements for compensation under that section.

Section 503(b)(4) provides for the allowance of an administrative expense for:

reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement of actual necessary expenses incurred by such attorney or accountant.

11 U.S.C. § 503(b)(4).

A. *Eligible Party under Section 503(b)(3)*

To determine whether the professionals representing the Preferred Stockholders

may obtain compensation under section 503(b)(4), we must first determine whether the Preferred Stockholders are covered by section 503(b)(3). 11 U.S.C. § 503(b)(4); *Lebron v. Mechem Fin., Inc.*, 27 F.3d 937, 943 (3d Cir.1994). Subsection 503(b)(3)(D), the only portion of section 503(b)(3) arguably applicable in this case, provides that four categories of persons may apply for reimbursement: (1) creditors, (2) indenture trustees, (3) equity security holders, and (4) creditor and equity security holder committees other than official committees appointed under section 1102 of the Bankruptcy Code. *See* 11 U.S.C. § 503(b)(3)(D); *Lebron*, 27 F.3d at 944.

Here, the Preferred Stockholders can be classified as creditors (since they had the right to payment when the Debtors' stock was delisted), equity security holders (since they held Series B stock), or a non-official committee of equity security holders (because they represented the holders of approximately 90% of the Series B stock). They are, therefore, an entity recognized by section 503(b)(3).

### B. *Substantial Contribution*

A party identified in section 503(b)(3) is entitled to compensation or reimbursement of its expenses only for services rendered that made a "substantial contribution" to the debtor's estate. In *Lebron*, the Third Circuit held that a claimant's efforts provide a "substantial contribution" when they result in an actual and demonstrable benefit to the debtor's estate and its creditors. 27 F.3d at 944. Section 503(b)(3)(D) reconciles two conflicting objectives of encouraging participation in the reorganization process and preserving the value of the estate for creditors. *Id.* Inherent in substantial contribution, however, is the requirement that the benefit received by the estate be more

than incidental to the applicant's self-interest. *Id.* Creditors are presumed to be self-interested unless they establish that their actions are designed to benefit others who would foreseeably be interested in the estate. *Id.* at 946. Reimbursement is improper where the activities of the interested parties are designed to serve primarily their own interests and would have been undertaken without an expectation of reimbursement from the estate. *Id.*

The Preferred Stockholders contend that they provided significant and demonstrable benefit to the Debtors' estate and creditors by playing a critical role in the Debtors' reorganization. In particular, they assert that they made unique and essential contributions by assisting Debtors' counsel in designing and drafting the Plan, sharing insights regarding bankruptcy law and procedure, conducting extensive research, drafting corporate documents establishing the Reorganized Debtor, and working with the Debtors to obtain a fair and accurate valuation of the Debtors. Accordingly, they argue that their work should be compensated pursuant to section 503(b)(4).

The UST objects to the Motion by asserting that the Preferred Stockholders do not satisfy the Third Circuit's requirements for compensation pursuant to section 503(b). While their services may have provided an incidental benefit to the Debtors' estate, the UST contends that the Preferred Stockholders did not overcome the *Lebron* presumption that they were acting primarily in their own self-interest.

After reviewing the Preferred Stockholders' Motion, the fee applications and the various responses, we conclude that the Preferred Stockholders' Motion must be granted in part and denied in part.

### 1. *Not Reimbursable*

We conclude that many of the services provided by the professionals for the

Preferred Stockholders did not provide a substantial contribution to the Debtors' estate. In fact, we conclude that significant portions of their fee application relate to tasks that can only be described as self-motivated. (Exhibit A.) For example, the fee application includes entries for services rendered in analyzing whether the Preferred Stockholders could force the Debtors into a nonconsensual bankruptcy filing, the impact NASDAQ's decision to delist the Debtors' common stock would have on the Preferred Stockholders' rights, and whether their equity interests were subject to subordination under section 510(b) of the Bankruptcy Code. The Preferred Stockholders also seek reimbursement for preparing and filing their own proofs of claim. These services provided no benefit to the estate or the Debtors' creditors and are not reimbursable pursuant to section 503(b)(4).

■ The Preferred Stockholders also seek compensation for pre-petition actions by their professionals to protect their interests in the Debtors. Although pre-petition expenses may be recoverable as an administrative expense under section 503(b), the applicant must establish that the pre-petition efforts resulted in a substantial contribution to the estate post-petition. *Lebron*, 27 F.3d at 945 (noting that the creditor's pre-petition efforts were critical to the appointment of a trustee and the trustee's prompt investigation and report to the Bankruptcy Court). In this case, the pre-petition efforts included preparing an internal "bankruptcy memorandum," which addressed the Preferred Stockholders' strategy in redeeming their Series B stock, participating in the bankruptcy process, and evaluating the benefits of reorganizing versus liquidating the Debtors. While the Preferred Stockholders now contend that this memorandum assisted the reorganization process, they provided no evidence which overcomes the *Lebron* presumption that it was prepared for their own self-interest.

■ We also agree with the UST that many of the services rendered by the professionals for the Preferred Stockholders were duplicative of efforts of the Debtors' professionals. (Exhibit B.) For example, both sets of professionals spent considerable time addressing filings and correspondence from Narragansett. Even if the Preferred Stockholders' actions in response to Narragansett's filings were intended to benefit the estate, we conclude that they were not actual and necessary because the Debtors' professionals actively opposed Narragansett. Accordingly, we conclude that these services were either self-serving or duplicative and thus are not compensable pursuant to section 503(b)(4).

■ The Preferred Stockholders also seek compensation for time spent opposing the appointment of an Equity Committee and responding to that Committee's pleadings. That opposition was certainly self-motivated. Any recovery by the common stockholders would necessarily detract from any recovery the Preferred Stockholders would receive under the Plan. Furthermore, throughout the case, the Debtors also opposed the appointment and actions of the Equity Committee. Thus, the efforts of the Preferred Stockholders in this area were duplicative of the Debtors' efforts and provided no substantial contribution to the estate.

### 2. Reimbursable

■ Despite concluding that a significant portion of the services of the Preferred Stockholders' professionals are not reimbursable, we cannot agree with the UST that the Motion should be denied in its entirety. Our review of the applications establishes that they did overcome the *Lebron* presumption with regard to

other services. While the Debtors' professionals may have been able to provide these services, a comparison of the fee applications establishes that they did not.

We also conclude that these services made a substantial contribution to the estate. For example, by drafting key Plan provisions, participating in hearings, and providing assistance during the reorganization process the Preferred Stockholders lessened the burden on the Debtors' professionals and expedited a smooth transition through the bankruptcy process. In addition, preparing the necessary corporate documents for the Reorganized Debtor provided a substantial benefit to the Debtors' estate and their creditors. Without this assistance, the Debtors' counsel would have had to devote significant time and resources to perform these services while they were busy with other matters. As a result, the Debtors were able to cut costs by focusing their efforts on their areas of expertise and allowing the Preferred Stockholders to assist where appropriate and beneficial to the estate. Since these efforts provided a substantial contribution, we conclude that these services are reimbursable pursuant to section 503(b)(4). Accordingly, we approve fees for the Preferred Shareholders' professionals in the amount of $330,820.00, which represents the services rendered except those detailed on Exhibit A and B attached hereto.

### C. Expenses

 Next, we must determine whether the Preferred Stockholders can be reimbursed for the expenses incurred by their professionals. Similar to fees, there can be no award of expenses unless the applicant establishes that the expenses were incurred while providing a substantial benefit to the estate. *Lebron*, 27 F.3d at 946.

Since the UST's objection and the Preferred Stockholders' supplemental motion were limited to an analysis of fees, there is little detail provided with respect to what services the expenses relate. We would be prepared to allow expenses in the same proportion as the approved fees, unless the parties can suggest a better alternative. Accordingly, we approve the reimbursement of the Preferred Stockholders' expenses in the amount of $18,243.40 (39.25% of the requested expenses of $46,480.)

### IV. *CONCLUSION*

For the foregoing reasons, we grant in part the Motion of Certain Preferred Stockholders and their Professionals for reimbursement of fees and expenses pursuant to section 503(b)(3).

An appropriate Order is attached.

### *ORDER*

AND NOW, this 21st day of April, 2004, upon consideration of the Motion of certain Preferred Stockholders and their professionals for compensation and reimbursement of administrative expenses pursuant to section 503(b)(4) of the Bankruptcy Code, it is hereby

**ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the Preferred Stockholders are awarded an administrative expense pursuant to section 503(b)(4) of the Bankruptcy Code in the amount of $330,820.00 in fees and $18,243.40 in expenses for the services provided by their professionals.

## EXHIBIT A

Essential Therapeutic Fees - Exhibit A
Not a Substantial Contribution

| Category | Date | Attorney | Hours | Hourly Rate | Billed amount | Description |
|---|---|---|---|---|---|---|
| 21 | | all | 76.2 | n/a | $27,834.00 | Analyzing and Coordinating the Redemption Claims |
| 23 | | all | 51.1 | n/a | $17,117.00 | Drafting Proofs of Claims |
| 6 | 23-Jun | Davis | 5.2 | $260.00 | $1,352.00 | Review documents produced by client |
| 6 | 24-Jun | Davis | 6.6 | $260.00 | $1,716.00 | Review documents for a/c privilege . . . discuss privilege . . . for upcoming discovery |
| 6 | 25-Jun | Davis | 6.5 | $260.00 | $1,690.00 | Review documents for a/c privilege . . . regarding subpoena, discovery and strategy |
| 6 | 26-Jun | Davis | 2.8 | $260.00 | $728.00 | Meet with Ogloza regarding privileged documents |
| 6 | 28-Jun | Davis | 1 | $260.00 | $260.00 | Further revise and draft rule 45 letter |
| 6 | 2-Jul | Davis | 1.8 | $260.00 | $468.00 | Revise rule 45 letter |
| 6 | 7-Jul | Davis | 2 | $260.00 | $520.00 | Review documents for privilege |
| 6 | 12-Jul | Davis | 2.6 | $260.00 | $676.00 | Draft memo to Newhall . . . |
| 6 | 14-Jul | Davis | 6.7 | $260.00 | $1,742.00 | Revise Newhall memo . . . |
| 5 | 21-Jan | Dawes | 0.1 | $650.00 | $65.00 | Conference . . . regarding bankruptcy court |
| 5 | 4-Feb | Dawes | 0.1 | $650.00 | $65.00 | Review memorandum regarding strategy regarding bankruptcy issues |
| 5 | 25-Apr | Dawes | 1 | $650.00 | $650.00 | Internal team call regarding section 510(b) |
| 5 | 28-Apr | Dawes | 1.5 | $650.00 | $975.00 | Review memoranda regarding call to prepare Schnell . . . regarding draft for client call |
| 15 | 17-Jan | Diener | 5.9 | $260.00 | $1,534.00 | Discussions . . . regarding redemption/bankruptcy issues . . . drafting memo . . . |
| 15 | 19-Jan | Diener | 0.7 | $260.00 | $182.00 | Review memos . . . regarding bankruptcy issues and preferred stock ownership |
| 2 | 12-Mar | Eberle | 0.6 | $390.00 | $234.00 | Redemption and Plan of Reorganization |
| 2 | 17-Mar | Eberle | 1.1 | $390.00 | $429.00 | Review and comment on calendar and plan of bankruptcy issues |
| 2 | 17-Mar | Eberle | 4.8 | $390.00 | $1,872.00 | Review and analyze draft holder notice of redemption . . . |
| 11 | 30-Sep | Friedman | 2.4 | $300.00 | $720.00 | Research regarding stock redemption laws . . . |
| 2 | 18-Mar | Gilhuly | 0.2 | $550.00 | $110.00 | Review delisting time table |
| 4 | 22-May | Gilhuly | 0.6 | $550.00 | $330.00 | Drafting memorandum to client group . . . |
| 4 | 3-Jun | Gilhuly | 0.2 | $550.00 | $110.00 | Drafting memorandum to clients . . . |
| 15 | 17-Jan | Gilhuly | 1.3 | $550.00 | $715.00 | Messages . . . regarding redemption/bankruptcy issues |
| 15 | 19-Jan | Gilhuly | 1.2 | $550.00 | $660.00 | Revise bankruptcy strategy memo |
| 15 | 20-Jan | Gilhuly | 3.8 | $550.00 | $2,090.00 | Review . . . memo regarding timing and strategy . . . |
| 15 | 21-Jan | Gilhuly | 2.9 | $550.00 | $1,595.00 | Review strategy memo . . . |
| 15 | 24-Jan | Gilhuly | 0.2 | $550.00 | $110.00 | Review . . . regarding update memo |
| 15 | 2-Feb | Gilhuly | 0.5 | $550.00 | $275.00 | Calls . . . regarding nonconsensual strategy |
| 15 | 4-Feb | Gilhuly | 0.8 | $550.00 | $440.00 | Calls . . . regarding |
| 15 | 26-Feb | Gilhuly | 0.4 | $550.00 | $220.00 | Review of . . . memo regarding Delaware redemption issue |
| 15 | 3-Mar | Gilhuly | 1.1 | $550.00 | $605.00 | Draft memo regarding plan v. liquidation |
| 17 | 22-Apr | Gilhuly | 0.2 | $550.00 | $110.00 | Message . . . regarding bar date |
| 17 | 23-Apr | Gilhuly | 0.2 | $550.00 | $110.00 | Message . . . regarding bar date |
| 17 | 4-May | Gilhuly | 0.6 | $550.00 | $330.00 | Call . . . regarding press release . . . |
| 17 | 5-May | Gilhuly | 0.3 | $550.00 | $165.00 | review of bankruptcy press |
| 22 | 10-Apr | Gilhuly | 0.3 | $550.00 | $165.00 | Review of draft press release |
| 5 | 1-Jul | Ogloza | 5.5 | $450.00 | $2,475.00 | Review documents; draft position letter |
| 6 | 30-Jun | Ogloza | 2.2 | $450.00 | $990.00 | Attend to document production |
| 2 | 20-Mar | Pohlen | 0.6 | $550.00 | $330.00 | Attention to board severance, NASDAQ delisting . . . |
| 2 | 14-Apr | Pohlen | 0.2 | $550.00 | $110.00 | Telephone conference . . . regarding holder optional repurchase |
| 2 | 14-Apr | Pohlen | 0.2 | $550.00 | $110.00 | Telephone conference . . . regarding bankruptcy timetable and potential claims against company |
| 2 | 15-Apr | Pohlen | 0.3 | $550.00 | $165.00 | Telephone conference . . . regarding exercise of redemption rights |
| 5 | 16-Jun | Pohlen | 0.9 | $550.00 | $495.00 | Attention to document production, delisting, and proof of claim |

| Code | Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| 15 | 19-Jan | Pohlen | 2.1 | $550.00 | $1,155.00 | Review bankruptcy strategy memo ... |
| 15 | 3-Feb | Pohlen | 3.9 | $550.00 | $2,145.00 | Attention to nonconsensual bankruptcy |
| 15 | 4-Feb | Pohlen | 2.7 | $550.00 | $1,485.00 | Review memo regarding bankruptcy issues |
| 15 | 6-Feb | Pohlen | 2.6 | $550.00 | $1,430.00 | Attention to board issues ... redemption |
| 15 | 17-Feb | Pohlen | 1 | $550.00 | $550.00 | NASDAQ and other correspondence |
| 15 | 19-Feb | Pohlen | 1 | $550.00 | $550.00 | NASDAQ and other correspondence |
| 15 | 24-Feb | Pohlen | 2.8 | $550.00 | $1,540.00 | Attention to DGCL issues including redemption ... |
| 15 | 4-Mar | Pohlen | 0.2 | $550.00 | $110.00 | Attention to memo regarding plan v. liquidation |
| 17 | 4-May | Pohlen | 1.3 | $550.00 | $715.00 | Telephone conference ... regarding press release ... |
| 17 | 5-May | Pohlen | 1.5 | $550.00 | $825.00 | Telephone conference ... regarding press release ... |
| 22 | 27-Feb | Pohlen | 0.4 | $550.00 | $220.00 | Attention to 13D obligations for Preferred Stockholders |
| 22 | 2-Apr | Pohlen | 0.4 | $550.00 | $220.00 | Attention to schedule 13D and requirements to file by Preferred Stockholders |
| 22 | 4-Apr | Pohlen | 0.7 | $550.00 | $385.00 | Attention to redemption timeline |
| 22 | 10-Apr | Pohlen | 0.8 | $550.00 | $440.00 | Review of draft press release |
| 22 | 14-Apr | Pohlen | 0.2 | $550.00 | $110.00 | Attention to schedule 13D filing requirements ... |
| 22 | 16-Apr | Pohlen | 0.6 | $550.00 | $330.00 | Attention to press release ... |
| 2 | 16-Mar | Snow | 0.3 | $260.00 | $78.00 | Review trigger of redemption right ... |
| 2 | 24-Mar | Snow | 2.2 | $260.00 | $572.00 | Revise summary time table of events in light of NASDAQ hearing |
| 2 | 2-May | Snow | 0.2 | $260.00 | $52.00 | Telephone conference ... regarding ... proof of claim |
| 17 | 8-May | Snow | 1 | $260.00 | $260.00 | Review and analyze references to redemption price |
| 22 | 4-Apr | Snow | 1.8 | $260.00 | $468.00 | Research and review filing obligations under schedule 13D ... regarding precedent and investors' prior filings |
| 22 | 16-Apr | Snow | 0.2 | $260.00 | $52.00 | Review and analyze press release regarding exercise of repurchase rights |
| 6 | 25-Jun | Tate | 1 | $195.00 | $195.00 | Meet ... regarding FRCP 45 letter |
| 6 | 25-Jun | Tate | 1.2 | $195.00 | $234.00 | Meet ... regarding FRCP 45 letter |
| 6 | 27-Jun | Tate | 3.9 | $195.00 | $760.50 | Meet ... regarding FRCP 45 letter |
| 6 | 2-Jul | Tate | 0.5 | $195.00 | $97.50 | Meet ... regarding FRCP 45 letter |
| 2 | 11-Apr | Wang | 0.9 | $320.00 | $288.00 | Attention to NASDAQ delisting ... |
| 5 | 25-Jun | Wang | 1.5 | $320.00 | $480.00 | Attention ... regarding stockholders' equity and delisting |
| 5 | 25-Jun | Wang | 1.2 | $320.00 | $384.00 | Attention to stock price and research NASDAQ ... |
| 15 | 11-Jan | Wang | 1.2 | $320.00 | $384.00 | Draft memo regarding options available after stockholder meeting |
| 15 | 14-Jan | Wang | 1.1 | $320.00 | $352.00 | Draft and research memo regarding options after stockholder meeting |
| 15 | 21-Jan | Wang | 1.8 | $320.00 | $576.00 | Attention to teleconference regarding options after special meeting; attention to bankruptcy memo |
| 15 | 28-Jan | Wang | 0.2 | $320.00 | $64.00 | Research Delaware code regarding capital surplus |
| 17 | 10-Mar | Wang | 3.5 | $320.00 | $1,120.00 | Complete research on contingent claims of preferred stockholders ... |
| 22 | 4-Mar | Wang | 0.3 | $320.00 | $96.00 | Attention to press release |
| 22 | 11-Apr | Wang | 0.9 | $320.00 | $288.00 | Attention to press release |
| 22 | 14-Apr | Wang | 0.4 | $320.00 | $128.00 | Attention to schedule 13D filing requirements ... |
| 22 | 16-Apr | Wang | 2.1 | $320.00 | $672.00 | Attention to press release ... |
| 22 | 17-Apr | Wang | 1.2 | $320.00 | $384.00 | attention to press release |
| 22 | 3-Jul | Wang | 0.7 | $320.00 | $224.00 | Attention to approval of plan by client entities |
| 24 | 30-Sep | Wang | 1.2 | $320.00 | $384.00 | Attention to inquiries regarding market capitalization and redemption |
| 24 | 1-Oct | Wang | 0.6 | $320.00 | $192.00 | Attention to redemption of shares and capital surplus |
| YCST | 15-Sep | Lucey | 0.2 | $35.00 | $7.00 | File affidavit ... Objection of Preferred Shareholder to applications for orders approving retention of .. |
| YCST | 18-Apr | Nestor | 0.3 | $375.00 | $112.50 | Teleconference ... re: timing and case strategy issues |
| YCST | 22-Apr | Nestor | 0.3 | $375.00 | $112.50 | Teleconference ... re: filing and bar date issues |
| YCST | 23-Apr | Nestor | 0.1 | $375.00 | $37.50 | Correspondence ... re: bar date and filing issues |
| YCST | 30-Apr | Nestor | 0.4 | $375.00 | $150.00 | Correspondence ... re: filing issues and local/federal rule re: same |
| YCST | 6-May | Nestor | 0.2 | $375.00 | $75.00 | Correspondence ... re: date of formation meeting |

| | Date | Name | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| YCST | 6-May | Nestor | 0.7 | $375.00 | $262.50 | Teleconference . . . re: bar date, plan amd Committee formation issues |
| YCST | 8-May | Nestor | 0.4 | $375.00 | $150.00 | Teleconference . . . re: formation meeting and issues re: same |
| YCST | 9-May | Nestor | 0.3 | $375.00 | $112.50 | Additional revisions and correspondence to clients re: same |
| YCST | 13-May | Nestor | 0.1 | $375.00 | $37.50 | Telephone conference . . . re: 5/14 formation meeting |
| YCST | 13-May | Nestor | 0.2 | $375.00 | $75.00 | Correspondence to clients re: ownership interests . . . |
| YCST | 14-May | Nestor | 0.2 | $375.00 | $75.00 | Teleconference . . . in advance of formation meeting |
| YCST | 14-May | Nestor | 0.2 | $375.00 | $75.00 | Telephone conference . . . re: formation meeting |
| YCST | 14-May | Nestor | 0.9 | $375.00 | $337.50 | Appear and represent clients at formation meeting |
| YCST | 20-May | Nestor | 1.5 | $375.00 | $562.50 | Represent clients at hearing |
| YCST | 26-Jun | Nestor | 0.2 | $375.00 | $75.00 | Review correspondence with UST regarding refusal to appoint committee . . . |
| YCST | 9-Jul | Nestor | 0.2 | $375.00 | $75.00 | Review Debtor objection to Narragansett motion . . . |
| YCST | 15-Sep | Nestor | 1.5 | $375.00 | $562.50 | Represent clients at hearing re: Equity Committee retention applications and preferred shareholder objections to same |
| YCST | 6-Oct | Nestor | 1.1 | $375.00 | $412.50 | Review memo filed by Debtor and Equity Committ objection re: same |
| YCST | 6-Oct | Nestor | 1.2 | $375.00 | $450.00 | Revise . . . memorandum in support of confirmation . . . |
| YCST | 8-Oct | Nestor | 5.8 | $375.00 | $2,175.00 | Represent Preferred Shareholders and confirmation hearing . . . |
| YCST | 10-Oct | Nestor | 5.1 | $375.00 | $1,912.50 | Represent Preferred Shareholders at confirmation hearing |
| YCST | 16-Jul | Petlock | 0.3 | $35.00 | $10.50 | Coordinate docketing and filing of pleadings and correspondence |
| YCST | 7-May | Powell | 0.2 | $110.00 | $22.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 13-May | Powell | 0.3 | $110.00 | $33.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 21-May | Powell | 0.2 | $110.00 | $22.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 12-Jun | Powell | 0.5 | $110.00 | $55.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 19-Jun | Powell | 0.2 | $110.00 | $22.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 20-Jun | Powell | 0.2 | $110.00 | $22.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 25-Jun | Powell | 0.2 | $110.00 | $22.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 17-Jul | Powell | 0.3 | $110.00 | $33.00 | Prepare documents . . . re: 7/18/03 hearing |
| YCST | 2-Sep | Powell | 0.2 | $110.00 | $22.00 | Review and evaluate incoming pleadings and correspondence for distributing to co-counsel and client |
| YCST | 6-Oct | Powell | 0.8 | $110.00 | $88.00 | Finalize . . . memorandum in support of confirmation of plan |
| YCST | 8-Oct | Powell | 0.7 | $110.00 | $77.00 | Prepare hearing documents . . . |
| YCST | 6-Oct | Talley | 0.1 | $35.00 | $3.50 | Coordinate services for memorandum of certain Series B holders . . . |
| YCST | 9-Jun | Villoch | 1.3 | $205.00 | $266.50 | Attend 341 meeting of creditors |
| YCST | 11-Jun | Villoch | 0.3 | $205.00 | $61.50 | Draft memo . . . re: 341 meeting of creditors |
| Totals | | | 285.6 | | $103,243.50 | |

**EXHIBIT B**

Essential Therapeutic Fees - Exhibit B
Not actual and necessary (duplicative)

| Category | Date | Attorney | Hours | Hourly Rate | Billed amount | Description |
|---|---|---|---|---|---|---|
| 9 | | all | 146.9 | n/a | $74,437.50 | Defense Strategy in Support of Confirmation |
| 10 | | all | 181.9 | n/a | $72,183.50 | Opposing the Motions of the Equity Committee |
| 12 | | All | 116.4 | n/a | $44,985.00 | Deposing Expert Witnesses, Debtors' Management, and Former Directors |
| 13 | | All | 98.1 | n/a | $31,910.00 | Preparing Responses to the Equity Committee's Objection to the Plan |
| 14 | | All | 238.8 | n/a | $97,150.00 | Preparing for and participating in the Confirmation Hearing |
| 6 | 9-Jul | Burton | 0.5 | $130.00 | $65.00 | Meet . . . regarding future document production . . . |
| 6 | 15-Jun | Burton | 1.8 | $130.00 | $234.00 | Review Debtor's produced documents |
| 5 | 20-Jun | Davis | 2.9 | $260.00 | $754.00 | Review subpoena . . . |
| 6 | 28-Jun | Davis | 3.3 | $260.00 | $858.00 | Review documents produced to Narr |
| 6 | 30-Jun | Davis | 4.9 | $260.00 | $1,274.00 | Review documents produced by Debtor; draft rule 45 letter |
| 6 | 1-Jul | Davis | 6.3 | $260.00 | $1,638.00 | Telephone conference . . . regarding . . . |
| 6 | 2-Jul | Davis | 2.9 | $260.00 | $754.00 | Meet . . . to review letters and plan document production strategy . . . |
| 6 | 3-Jul | Davis | 4.8 | $260.00 | $1,248.00 | Review documents produced by Debtor |
| 6 | 4-Jul | Davis | 2.9 | $260.00 | $754.00 | Review documents produced by Debtor |
| 6 | 5-Jul | Davis | 6 | $260.00 | $1,560.00 | Review documents produced by Debtor; Review documents for privilege |
| 6 | 7-Jul | Davis | 2.1 | $260.00 | $546.00 | Review documents produced by Debtor |
| 6 | 8-Jul | Davis | 2.5 | $260.00 | $650.00 | Meet . . . regarding response to discovery subpoena |
| 6 | 8-Jul | Davis | 1.1 | $260.00 | $286.00 | Review documents produced by Debtor |
| 6 | 9-Jul | Davis | 8.8 | $260.00 | $2,288.00 | Review documents produced by Debtor |
| 6 | 10-Jul | Davis | 7.3 | $260.00 | $1,898.00 | Review documents produced by Debtor . . |
| 6 | 11-Jul | Davis | 4.9 | $260.00 | $1,274.00 | Review Debtor document production . . . |
| 11 | 21-Jul | Davis | 2.7 | $260.00 | $702.00 | Research bankruptcy court proceeding involving equity committee |
| 11 | 29-Jul | Davis | 0.5 | $260.00 | $130.00 | Confer . . . regarding research on challenges to equity committee |
| 11 | 5-Aug | Davis | 0.6 | $260.00 | $156.00 | Review order appointing equity committee . . |
| 11 | 6-Aug | Davis | 1.4 | $260.00 | $364.00 | Call . . . regarding recent developments in equity comm . . . review Narr expert report |
| 11 | 7-Aug | Davis | 0.2 | $260.00 | $52.00 | Call . . . regarding equity committee challenge to the Plan |
| 11 | 15-Aug | Davis | 0.3 | $260.00 | $78.00 | Review court records related to litigation involving members of the equity committee |
| 11 | 6-Sep | Davis | 1.5 | $260.00 | $390.00 | Review documents produced by Debtor |
| 5 | 19-Jun | Dawes | 1 | $650.00 | $650.00 | Conference regarding depositions . . . . |
| 5 | 20-Jun | Dawes | 3 | $650.00 | $1,950.00 | Conference call with team regarding Schnell . . . |
| 5 | 26-Jun | Dawes | 0.2 | $650.00 | $130.00 | Review memo regarding equity committee order |
| 5 | 30-Jun | Dawes | 0.5 | $650.00 | $325.00 | Review subpoena |
| 5 | 2-Jul | Dawes | 0.2 | $650.00 | $130.00 | Review decision in Furst; review memos regarding Narr settlement |
| 5 | 15-Jul | Dawes | 0.5 | $650.00 | $325.00 | Review memos regarding deposition status |
| 5 | 16-Jun | Gilhuly | 0.2 | $550.00 | $110.00 | Message . . . regarding Narr strategy |
| 5 | 17-Jun | Gilhuly | 0.7 | $550.00 | $385.00 | Calls and messages . . . regarding Narr |
| 5 | 18-Jun | Gilhuly | 0.2 | $550.00 | $110.00 | Calls and messages . . . regarding litigation matters |
| 5 | 19-Jun | Gilhuly | 2.1 | $550.00 | $1,155.00 | Review of deposition notices . . . |
| 5 | 20-Jun | Gilhuly | 2.3 | $550.00 | $1,265.00 | Conference . . . regarding litigation strategy |
| 5 | 23-Jun | Gilhuly | 1 | $550.00 | $550.00 | Analysis and drafting memos . . . regarding equity committee response |
| 5 | 24-Jun | Gilhuly | 1.9 | $550.00 | $1,045.00 | Review and comments . . . regarding equity committee |
| 5 | 25-Jun | Gilhuly | 0.8 | $550.00 | $440.00 | Calls and messages . . . regarding deposition and subpoena . . . |
| 5 | 26-Jun | Gilhuly | 0.6 | $550.00 | $330.00 | Review of J. McMann letter to Narr regarding equity committee . . . |
| 5 | 30-Jun | Gilhuly | 1 | $550.00 | $550.00 | Review . . . regarding Narr discovery . . . litigation strategy |
| 5 | 4-Jul | Gilhuly | 2.1 | $550.00 | $1,155.00 | Conference calls . . . regarding litigation and bankruptcy strategy |
| 5 | 8-Jul | Gilhuly | 0.5 | $550.00 | $275.00 | Call . . . regarding equity committee strategy |
| 15 | 4-Mar | Gilhuly | 0.2 | $550.00 | $110.00 | Review of Essential claims spreadsheet |
| 17 | 6-Mar | Gilhuly | 0.2 | $550.00 | $110.00 | Meet . . . regarding contingent claim allowance |

| | Date | Name | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| 17 | 16-Apr | Gilhuly | $550.00 | 0.2 | $110.00 | Review of Narr settlement |
| 17 | 26-Apr | Gilhuly | $550.00 | 0.3 | $165.00 | Draft litigation claims summary |
| 17 | 28-Apr | Gilhuly | $550.00 | 0.8 | $440.00 | Drafting possible litigation claim analysis ... |
| 11 | 14-Jul | Lee | $190.00 | 1.1 | $209.00 | Research Narr |
| 5 | 19-Jun | Ogloza | $450.00 | 3.4 | $1,530.00 | Review subpoena and deposition notice ... |
| 5 | 20-Jun | Ogloza | $450.00 | 7.2 | $3,240.00 | Review and analyze subpoena ... |
| 5 | 24-Jun | Ogloza | $450.00 | 6.4 | $2,880.00 | Review documents ... develop/refine subpoena response plan |
| 5 | 11-Jul | Ogloza | $450.00 | 3.8 | $1,710.00 | Research potential causes of action |
| 6 | 11-Jul | Ogloza | $450.00 | 1.2 | $540.00 | Document production issues |
| 8 | 26-Jun | Ogloza | $450.00 | 12.2 | $5,490.00 | Review documents; deposition preparation |
| 8 | 27-Jun | Ogloza | $450.00 | 7.6 | $3,420.00 | Review documents; deposition preparation |
| 8 | 2-Jul | Ogloza | $450.00 | 10.9 | $4,905.00 | Deposition preparation |
| 8 | 9-Jul | Ogloza | $450.00 | 2.8 | $1,260.00 | Review documents; deposition preparation |
| 8 | 10-Jul | Ogloza | $450.00 | 5.3 | $2,385.00 | Review documents; deposition preparation |
| 5 | 9-Jul | Pohlen | $550.00 | 2.3 | $1,265.00 | Attention to Narr matters ... |
| 5 | 9-Jun | Pohlen | $550.00 | 0.5 | $275.00 | Review of Narr 2004 request ... |
| 5 | 10-Jun | Pohlen | $550.00 | 0.5 | $275.00 | Telephone conference ... Narr request |
| 5 | 16-Jun | Pohlen | $550.00 | 0.5 | $275.00 | Telephone conference ... regarding Narr |
| 5 | 19-Jun | Pohlen | $550.00 | 1.4 | $770.00 | Review of various bankruptcy filings ... depositions ... |
| 5 | 20-Jun | Pohlen | $550.00 | 1.8 | $990.00 | Telephone conference ... regarding litigation strategy |
| 5 | 22-Jun | Pohlen | $550.00 | 1 | $550.00 | Telephone conference ... regarding litigation strategy |
| 5 | 24-Jun | Pohlen | $550.00 | 1.3 | $715.00 | Telephone conference regarding ... litigation strategy |
| 5 | 25-Jun | Pohlen | $550.00 | 1 | $550.00 | Telephone conference ... regarding litigation strategy ... |
| 5 | 30-Jun | Pohlen | $550.00 | 1.5 | $825.00 | Telephone conference ... regarding litigation strategy ... |
| 5 | 1-Jul | Pohlen | $550.00 | 1.3 | $715.00 | Telephone conference ... regarding Narr settlement inquiry |
| 6 | 3-Jul | Pohlen | $550.00 | 1.8 | $990.00 | Attention to disclosure statement and Narr claim |
| 6 | 10-Jul | Pohlen | $550.00 | 0.8 | $440.00 | Attention to document production ... |
| 6 | 9-Jul | Snow | $260.00 | 1 | $260.00 | Conference ... regarding ... Narr objection |
| 6 | 1-Jul | Tate | $195.00 | 1.1 | $214.50 | Review and edit FRCP 45 letter |
| 6 | 8-Jul | Tate | $195.00 | 2.5 | $487.50 | Attend meeting regarding document production |
| 7 | 8-Jul | Tate | $195.00 | 2.2 | $429.00 | Research possible claims against Narr |
| 7 | 10-Jul | Tate | $195.00 | 5.2 | $1,014.00 | Research possible claims against Narr |
| 7 | 11-Jul | Tate | $195.00 | 4.9 | $955.50 | Research possible abuse of bankruptcy process claims against Narr |
| 7 | 13-Jul | Tate | $195.00 | 1.1 | $214.50 | Research possible abuse of bankruptcy process claims against Narr |
| 7 | 14-Jul | Tate | $195.00 | 5.1 | $994.50 | Research elements of abuse of process tort and possible immunity for interested parties who object to a bankruptcy plan |
| 7 | 15-Jul | Tate | $195.00 | 3.8 | $741.00 | Research possible claims and sanctions against parties whose actions intentionally delayed the bankruptcy confirmation process |
| 7 | 21-Jul | Tate | $195.00 | 3.9 | $760.50 | Meet ... regarding appointment of equity committee ... scope of equity committee |
| 7 | 22-Jul | Tate | $195.00 | 5.1 | $994.50 | Meet ... regarding appointment of equity committee ... scope of equity committee |
| 7 | 24-Jul | Tate | $195.00 | 4.4 | $858.00 | Research scope and power of equity committee |
| 11 | 25-Jul | Tate | $195.00 | 3.8 | $741.00 | Research scope of duties and powers of equity committee |
| 11 | 28-Jul | Tate | $195.00 | 6.7 | $1,306.50 | Research and draft memo regarding |
| 11 | 29-Jul | Tate | $195.00 | 5.1 | $994.50 | Research draft and edit position of letter regarding |
| 11 | 30-Jul | Tate | $195.00 | 0.5 | $97.50 | Transfer and edit email challenging committee appointments |
| 5 | 20-Jun | Wang | $320.00 | 4.5 | $1,440.00 | Attention to conference call regarding subpoena and deposition ... |
| 5 | 23-Jun | Wang | $320.00 | 0.6 | $192.00 | Attention to board resignations |
| 5 | 23-Jun | Wang | $320.00 | 0.6 | $192.00 | Attention to NASDAC correspondence |
| 5 | 24-Jun | Wang | $320.00 | 0.4 | $128.00 | Attention to subpoena and deposition |
| 5 | 30-Jun | Wang | $320.00 | 0.6 | $192.00 | Attention to litigation background matters |
| 17 | 6-Mar | Wang | $320.00 | 6.9 | $2,208.00 | Research two issues: (1) whether contingent claims will be allowed ... |
| 17 | 7-Mar | Wang | $320.00 | 5.2 | $1,664.00 | Research whether common shareholders can get an unsubordinated claim ... |
| YCST | 19-Jun | Nestor | $375.00 | 0.8 | $300.00 | Review pleadings and Narragansett letter ... |

| Firm | Date | Timekeeper | Hours | Rate | Amount | Description |
|---|---|---|---|---|---|---|
| YCST | 22-Jun | Nestor | 0.2 | $375.00 | $75.00 | Review correspondence re: request for equity committee |
| YCST | 23-Jun | Nestor | 0.4 | $375.00 | $150.00 | Research and review precedent re: opposition to formation of equity committee |
| YCST | 2-Jul | Nestor | 0.4 | $375.00 | $150.00 | Review correspondence re: Narragansett . . . |
| YCST | 6-Jul | Nestor | 0.6 | $375.00 | $225.00 | Review correspondence to and from parties-in-interest re: equity holder discovery |
| YCST | 8-Jul | Nestor | 1.4 | $375.00 | $525.00 | Research precedent re: appointment of equity committee and correspondence to and from Latham & Watkins |
| YCST | 9-Jul | Nestor | 0.4 | $375.00 | $150.00 | Correspondence . . . re: Narragansett motion |
| YCST | 14-Jul | Nestor | 0.7 | $375.00 | $262.50 | Review and revise objection to motion to appoint equity committee |
| YCST | 16-Jul | Nestor | 0.4 | $375.00 | $150.00 | Review and finalize objection to motion to appoint Committee . . . |
| YCST | 16-Jul | Nestor | 0.4 | $375.00 | $150.00 | Teleconference . . . re: objection to motion to appoint Committee |
| YCST | 18-Jul | Nestor | 2.6 | $375.00 | $975.00 | Meeting . . . re: motion to appoint equity committee |
| YCST | 24-Jul | Nestor | 0.4 | $375.00 | $150.00 | Review issues . . . re: same |
| YCST | 2-Sep | Nestor | 0.2 | $375.00 | $75.00 | Correspondence . . . re: . . . Committee motion to adjourn |
| YCST | 3-Sep | Nestor | 0.6 | $375.00 | $225.00 | Review and revise objection to Committee motion to adjourn . . . |
| YCST | 3-Sep | Nestor | 0.3 | $375.00 | $112.50 | Teleconference . . . re. Committee motion to adjourn |
| YCST | 4-Sep | Nestor | 0.5 | $375.00 | $187.50 | Research and circulate precedent re: opposition to Equity Committee counsel retention applications |
| YCST | 5-Sep | Nestor | 0.6 | $375.00 | $225.00 | Teleconference . . . re: objections to Equity Committee retention applications . . . |
| YCST | 8-Sep | Nestor | 0.5 | $375.00 | $187.50 | Revise . . . objection to Golden retention . . . |
| YCST | 9-Sep | Nestor | 0.5 | $375.00 | $187.50 | Teleconference . . . re: objections to Golden retention . . . |
| YCST | 10-Sep | Nestor | 0.3 | $375.00 | $112.50 | Review and revise objection to Golden retention . . . |
| YCST | 24-Jul | Patton | 0.3 | $510.00 | $153.00 | Meeting . . . re: strategy with respect to Equity Committee |
| YCST | 25-Jul | Patton | 0.2 | $510.00 | $102.00 | Calls re: strategy with respect to Equity Committee |
| YCST | 16-Jul | Powell | 0.2 | $110.00 | $22.00 | Revisions to Objection to Appoint Equity Security Holders Committee |
| YCST | 16-Jul | Powell | 0.1 | $110.00 | $11.00 | Telephone . . . regarding Objection to Equity Shareholder appointment |
| YCST | 3-Sep | Powell | 0.5 | $110.00 | $55.00 | Finalize for filing . . . objection to motion to adjourn confirmation date |
| YCST | 8-Sep | Powell | 0.5 | $110.00 | $55.00 | Finalize for filing . . . objection to retention of Kane Kessler . . . |
| YCST | 11-Sep | Powell | 0.5 | $110.00 | $55.00 | Finalize for filing . . . Objection to Golden . . . . |
| YCST | 11-Sep | Powell | 0.1 | $110.00 | $11.00 | Prepare affidavit of service regarding service of objection |
| Totals | | | 1,040.20 | | $408,756.00 | |